THOMAS F. LANDERS [SBN 207335]
tlanders@swsslaw.com
LEAH S. STRICKLAND [SBN 265724]
lstrickland@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303
(f) 619.231.4755

Attorneys for Defendants MIDLAND FUNDING, LLC, MIDLAND CREDIT MANAGEMENT, INC., and ENCORE CAPITAL GROUP, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY JOHNSON,<br><br>         Plaintiff,<br><br>    v.<br><br>MIDLAND FUNDING, LLC, MIDLAND CREDIT MANAGEMENT, INC.; and ENCORE CAPITAL GROUP, INC.,<br><br>         Defendants. | Case No. 13-CV-1121 MMA (MVG)<br><br>**ANSWER TO PLAINTIFF'S COMPLAINT** |

## ANSWER TO COMPLAINT

Defendants MIDLAND FUNDING, LLC ("Midland"), MIDLAND CREDIT MANAGEMENT, INC. ("MCM") and ENCORE CAPITAL GROUP, INC. ("Encore") (collectively "Defendants"), on behalf of themselves and no others, hereby submit the following Answer to the Complaint filed in this action by Plaintiff TROY JOHNSON ("Plaintiff"):

### INTRODUCTION

1. Paragraph 1 of the Complaint contains conclusions of law which require no response. To the extent that the paragraph contains factual allegations, Defendants deny them.

///

## JURISDICTION AND VENUE

2. In answering Paragraph 2 of the Complaint, Defendants admit that Plaintiff alleges that jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S. C. § 1367. Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

3. In answering Paragraph 3 of the Complaint, Defendants admit that they conduct business within the State of California and that Plaintiff alleges that personal jurisdiction is established. Except as herein admitted, the remaining allegations of Paragraph 3 are denied.

4. In answering Paragraph 4 of the Complaint, Defendants admit that Plaintiff alleges that venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2). Except as herein admitted, the remaining allegations of Paragraph 4 are denied.

## PARTIES

5. Defendants admit that Plaintiff is a natural person, but lacks information and belief as to whether Plaintiff resides in Forest Park, Georgia, and on that basis denies the remaining allegations contained in Paragraph 5.

6. In answering Paragraph 6, Defendants lack sufficient knowledge to form a belief as to whether Plaintiff qualifies as a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and on that basis deny the allegations.

7. Defendants deny the allegations contained in Paragraph 7.

8. Defendants deny the allegations contained in Paragraph 8.

9. Defendants deny the allegations contained in Paragraph 9.

10. Defendants deny the allegations contained in Paragraph 10.

11. Defendants deny the allegations contained in Paragraph 11.

## FACTUAL ALLEGATIONS

12. Defendants deny the allegations of Paragraph 12.

///

Solomon Ward Seidenwurm & Smith, LLP
401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303 • (f) 619.231.4755

13. Defendants lack sufficient information or belief to admit or deny the allegations of Paragraph 13, and on that basis deny such allegations.

14. Defendants lack sufficient information or belief to admit or deny the allegations of Paragraph 14, and on that basis deny such allegations.

15. Defendants deny the allegations of Paragraph 15.

16. Defendants lack sufficient information or belief to admit or deny the allegations of Paragraph 16, and on that basis deny such allegations.

17. Defendants lack sufficient information or belief to admit or deny the allegations of Paragraph 17, and on that basis deny such allegations.

18. Defendants lack sufficient information or belief to admit or deny the allegations of Paragraph 18, and on that basis deny such allegations.

19. Defendants deny the allegations of Paragraph 19.

20. Defendants lack sufficient information or belief to admit or deny the allegations of Paragraph 20, and on that basis deny such allegations.

21. Defendants deny the allegations of Paragraph 21.

**COUNT I**
**DEFENDANTS VIOLATED § 1692d OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

22. Paragraph 22 of the Complaint contains conclusions of law which require no response. To the extent that the paragraph contains factual allegations, Defendants deny them.

23. Defendants deny the allegations contained in Paragraph 23.

**COUNT II**
**DEFENDANTS VIOLATED § 1692d(5) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

24. Paragraph 24 of the Complaint contains conclusions of law which require no response. To the extent that the paragraph contains factual allegations, Defendants deny them.

25. Defendants deny the allegations contained in Paragraph 25.

///

## COUNT III
## DEFENDANTS VIOLATED § 1692e OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

26. Paragraph 26 of the Complaint contains conclusions of law which require no response. To the extent that the paragraph contains factual allegations, Defendants deny them.

27. Defendants deny the allegations contained in Paragraph 27.

## COUNT IV
## DEFENDANTS VIOLATED § 1692e(2)(A) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

28. Paragraph 28 of the Complaint contains conclusions of law which require no response. To the extent that the paragraph contains factual allegations, Defendants deny them.

29. Defendants deny the allegations contained in Paragraph 29.

## COUNT V
## DEFENDANTS VIOLATED § 1692e(10) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

30. Paragraph 30 of the Complaint contains conclusions of law which require no response. To the extent that the paragraph contains factual allegations, Defendants deny them.

31. Defendants deny the allegations contained in Paragraph 31.

## COUNT VI
## DEFENDANTS VIOLATED § 1692f OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

32. Paragraph 32 of the Complaint contains conclusions of law which require no response. To the extent that the paragraph contains factual allegations, Defendants deny them.

33. Defendants deny the allegations contained in Paragraph 33.

///
///
///
///

**COUNT VII**
**DEFENDANTS VIOLATED § 1692f(1) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

34. Paragraph 34 of the Complaint contains conclusions of law which require no response. To the extent that the paragraph contains factual allegations, Defendants deny them.

35. Defendants deny the allegations contained in Paragraph 35.

**COUNT VIII**
**DEFENDANTS VIOLATED § 1692g(a) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

36. Paragraph 36 of the Complaint contains conclusions of law which require no response. To the extent that the paragraph contains factual allegations, Defendants deny them.

37. Defendants deny the allegations contained in Paragraph 37.

**COUNT X**
**DEFENDANTS VIOLATED THE ROSENTHAL FAIR DEBT**
**COLLECTION PRACTICES ACT**

38. Paragraph 38 of the Complaint contains conclusions of law which require no response. To the extent that the paragraph contains factual allegations, Defendants deny them.

39. Defendants deny the allegations contained in Paragraph 39.

**AFFIRMATIVE DEFENSES**

As and for separate affirmative defenses to the Complaint, Defendants allege on information and belief as follows:

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

1. The allegations of the Complaint fail to state a claim against Defendants upon which relief can be granted.

///

///

///

## SECOND AFFIRMATIVE DEFENSE
## (Statute of Limitations/Laches)

2. The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE
## (Bona Fide Error)

3. To the extent that any violation of law occurred, which Defendants expressly deny, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendants of procedures reasonably adapted to avoid any such error.

## FOURTH AFFIRMATIVE DEFENSE
## (Unclean Hands)

4. The allegations in the Complaint and relief requested are, on information and belief, barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
## (No Willful Conduct)

5. Defendants acted in good faith at all times in their dealings with Plaintiff, and if any conduct by Defendants is found to be unlawful, which Defendants expressly deny, such conduct was not willful and should not give rise to liability.

## SIXTH AFFIRMATIVE DEFENSE
## (Failure to Mitigate)

6. Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that he may have and is therefore barred from recovering damages, if any, from Defendants.

///
///
///

Solomon Ward Seidenwurm & Smith, LLP
401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303 • (f) 619.231.4755

P:00802704-3:87026.024                -6-                13-CV-1121 MMA (MVG)
ANSWER TO PLAINTIFF'S COMPLAINT

## SEVENTH AFFIRMATIVE DEFENSE
## (Waiver)

7. Plaintiff has waived his rights, if any, to recover the relief he seeks in the Complaint based upon his own conduct and admissions with respect to the financial obligation at issue.

## EIGHTH AFFIRMATIVE DEFENSE
## (Good Faith)

8. Defendants have, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

## NINTH AFFIRMATIVE DEFENSE
## (Apportionment)

9. Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendants. The liability, if any exists, of all Defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of these Defendants should be reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE
## (Supervening Cause)

10. The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendants had or have no control.

## ELEVENTH AFFIRMATIVE DEFENSE
## (Equitable Indemnity)

11. To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendants, which Defendants deny, Defendants are entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE
## (Litigation Privilege)

12. The actions of Defendants complained of in the Complaint constitute communications that were made in good faith and in anticipation of or in connection with ongoing litigation and Plaintiff's claims are therefore barred, in whole or in part, by the California litigation privilege.

## THIRTEENTH AFFIRMATIVE DEFENSE
## (Not a "Debt Collector")

13. Defendants are not "debt collectors" under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* or the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.*

## FOURTEENTH AFFIRMATIVE DEFENSE
## (First Amendment)

14. Defendants' conduct is protected under the First Amendment of the United States Constitution and the California Constitution. Plaintiff's proposed interpretation of the Rosenthal Act and the FDCPA must be rejected as it would place an unreasonable restraint upon Defendants' First Amendment rights, thereby raising serious constitutional issues.

## FIFTEENTH AFFIRMATIVE DEFENSE
## (Privilege)

15. As a separate and affirmative defense to the Complaint, Defendants allege that any of their actions and/or communications, if any, whether written or oral, were privileged pursuant to California Civil Code § 47, § 1785.32, 15 U.S.C. § 1692k(d), the common law; and that the use of the process that Plaintiff claims were abused was a publication made in the course of judicial or similar proceedings and were absolutely privileged under California Civil Code § 47(b).

///
///

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Conduct of Others)**

16. Plaintiff's damages, if any, were caused by the actions or inactions of others over whom these answering Defendants had no control.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Absence of Standing)**

17. Plaintiff's claims are barred to the extent he has no standing to pursue the claims alleged.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Prior Consent)**

18. Plaintiff provided prior consent to contact his cellular phones.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Right to Amend)**

19. Defendants reserve the right to amend this Answer to allege additional affirmative defenses.

WHEREFORE, Defendants request judgment as follows:

1. That Plaintiff takes nothing by the Complaint, which should be dismissed with prejudice;

2. That Defendants recover from Plaintiff their costs according to proof;

3. That Defendants recover their attorneys' fees according to proof; and

///
///
///
///
///
///
///
///

4.     That the Court orders such other further reasonable relief as the Court may deem just and proper.

DATED:  August 5, 2013         SOLOMON WARD SEIDENWURM & SMITH, LLP

                               By: /s/ Thomas F. Landers
                                   THOMAS F. LANDERS
                                   LEAH S. STRICKLAND
                                   Attorneys for Defendants MIDLAND FUNDING, LLC, MIDLAND CREDIT MANAGEMENT, INC., and ENCORE CAPITAL GROUP, INC.